UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

JOEL MENDOZA HERNANDEZ,

                             Petitioner,

v.                                                      No. 6:26-CV-00053-H

WARDEN, EDEN
DETENTION CENTER,

                             Respondent.

**<u>MEMORANDUM OPINION AND ORDER</u>**

Petitioner Joel Mendoza Hernandez, a self-represented immigrant detainee, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention in the Eden Detention Center—despite being granted voluntary departure by the immigration court and having paid the required bond. *See* Dkt. No. 1. Petitioner seeks immediate release so that he can comply with the Immigration Court's February 27, 2026 deadline for voluntary departure. *Id.* at 7. Respondent filed a response in opposition to the petition along with relevant records. Dkt. Nos. 7, 8. Petitioner filed a reply and an emergency motion for temporary restraining order. Dkt. Nos. 9, 10.

As explained below, after considering the record, the parties' pleadings and arguments, and the applicable law, the Court finds that Petitioner is not entitled to relief, and the petition should be denied and dismissed with prejudice. The Court also denies Petitioner's requests for injunctive relief. Dkt. No. 10. Considering the timing of Petitioner's deadline for voluntary departure, the Court entered a brief order advising the parties of its decision on February 26, 2026. Dkt. No. 13. The Court's reasoning is explained here.

1.    **Background**

       Petitioner is a native and citizen of Venezuela who was an applicant for admission to

the United States.  On January 28, 2026, the Immigration Court held a final hearing in

removal proceedings under 8 U.S.C. § 1229a.  The immigration judge denied Petitioner's

application for asylum and withholding of removal.  *See* Dkt. No. 8 at 16–19.  By the same

order, the immigration judge granted Petitioner's application for post-conclusion voluntary

departure under INA § 240B(b) under safeguards, ordered him to post a $500 bond within

five days, and to depart by February 27, 2026.  *Id.* at 17.  The order also stated that if

Petitioner failed to depart within the time specified, or within any extensions granted by

DHS, he would be subject to a civil monetary penalty as provided by relevant statute,

regulation, and policy.  *Id.* at 18.  And the order provides that if Petitioner fails to depart

within the time specified, the alternate order of removal shall automatically take effect, and

Petitioner shall be ineligible, for 10 years, for voluntary departure or relief under sections

240A, 245, 248, and 249 of the INA.  *Id.* at 17–18.  The order reflects that Petitioner

reserved his right to appeal by February 27, 2026.  *Id.* at 19.  On February 3, 2026,

Petitioner timely posted the $500 mandatory departure bond.  Dkt. No. 1-2 at 7.  But as of

February 27, 2026, he had not appealed.[1]

A.    **Petitioner's grounds for review**

       On February 17, 2026, Plaintiff filed this Section 2241 petition.  Dkt. No. 1.  In it, he

lists these grounds for review:

   1.   Petitioner's arbitrary detention after bond approval violates due process.

   2.   ICE's refusal to release Petitioner after his bond was approved on February 3,
        2026 is preventing him from making the necessary travel arrangements to comply

---

[1] *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Feb. 27, 2026).

with the Immigration Judge's order, and amounts to unlawful obstruction of a judicial order under 8 C.F.R. § 1240.26.

3. Petitioner lacks adequate administrative remedies to force ICE to physically release him from custody.

4. Petitioner's detention is making it impossible for him to follow the law, and if he cannot leave by the deadline because ICE refuses to release him, he will face a final order of removal and a 10-year ban.

Dkt. No. 1 at 6–7.

Petitioner seeks immediate release so that he can comply with the Immigration Court's order of voluntary departure by the deadline of February 27, 2026. *Id.* at 7. Alternatively, Petitioner requested an order to show cause requiring ICE to justify his continued detention despite the payment and official approval of his bond. *Id.* He also asked the Court to order Respondent to keep him within the territorial jurisdiction of this Court while his petition is being decided. Dkt. No. 1-1.

**B.    Respondent's Response**

Respondent contends that Petitioner is not entitled to relief under Section 2241 because—despite having posted the voluntary departure bond—Petitioner is not in custody in violation of the Constitution or laws or treaties of the United States. *See* Dkt. No. 7. Respondent explains that despite payment of the voluntary departure bond, discretionary release is unavailable to him based on the condition that his voluntary departure is "under safeguards." *Id.* at 4 (citing *Matter of M-A-S-, Respondent*, 24 I&N Dec. 762, 765-6 (BIA 2009)). Thus, Petitioner will remain in custody until he is placed on the carrier vehicle to be transported from the United States. *Id.*; 8 C.F.R. § 1240.26(c)(3).

Respondent then explains that the timetable for Petitioner's ability to take advantage of the benefits of voluntary departure is complicated because he reserved his right to appeal from the Immigration Judge's order which, aside from granting voluntary departure under

3

safeguards, also denied his applications for asylum and withholding of removal. Dkt. No. 7 at 4. As a result, Petitioner must remain in the United States during the appeal process— and in Petitioner's case, in custody because of the "under safeguards" provision—otherwise he would waive his right to appeal. And the deadline for him to file his appeal is 30 days from the date of his final order—February 27, 2026—which is also the same deadline for his voluntary departure.

Respondent then discussed the relationship between the appellate timetable and the voluntary departure period, which the Court need not repeat here. *Id*. at 5–6. But there are various factors that could determine what impact Petitioner's remaining in the country after February 27 may have on his ability to benefit from the voluntary departure order, which depend on his actions (or inactions). For example, if Petitioner had waived his right to appeal, the voluntary departure could have gone forward without delay. But if he timely appeals the Immigration Judge's order, the voluntary departure period would be reinstated, and the deadline would run from the date of the Board's order disposing of the appeal.

Respondent also explained that physical inability to comply with the voluntary departure excuses the time period affected as to the civil penalties of Section 1229c(d). *Id*. (citing *In re Bozena Zmijewska, Respondent* 24 I&N Dec. 87 (BIA 2007)). And they note that while it appears the failure to depart by the deadline for any reason will cause the order to convert to an order of removal, Petitioner has other available relief in the form of a request for an extension of time to depart from the district director or the deputy executive associate commissioner for detention and removal in accordance with C.F.R. § 1240.26(f). *See* Dkt. No. 12 at 2. But the request must be made by February 27, 2026. *See id*. (correcting typo in

4

original response stating the date as "January 27, 2026"). Respondent suggests that Petitioner could speak with his assigned deportation officer about requesting an extension.

**C.    Petitioner's Reply and Requests for Injunctive Relief**

In reply, Petitioner contends that Respondent mischaracterized his claim to argue that posting a voluntary departure bond, by itself, automatically entitles him to release in every case. *See* Dkt. No. 9 at 2. And he alleges, for the first time, that he has been informed by an officer at the Eden Detention Center that he will be deported, and asked to choose a destination country, which he declined to do while this action is pending. *Id.* In other words, Petitioner clarifies that his actual claim is that, under the urgent facts of his case, his continued custody—and threatened removal—places him at immediate risk of losing meaningful access to court and the practical benefit of the immigration order while this habeas petition is pending. *Id.* He complains that Respondent did not provide clear assurance that he will not be removed before this Court can rule and asserts that the "under safeguards" provision of his voluntary departure does not defeat this Court's power to preserve jurisdiction and prevent irreparable harm.[2] *Id.* at 3. Petitioner contends that he should not be required to exhaust his administrative remedies based on the urgency of his request. *Id.* at 4.

Finally, Petitioner asks for emergency injunctive relief that (1) preserves the status quo by preventing his removal while this action is pending; (2) alternatively, provides for temporary release under appropriate conditions, or other relief sufficient to prevent

---

[2] Petitioner also noted timing inconsistencies in the Response, which the Court ordered the Respondent to address in an expedited order. *See* Dkt. No. 11. Respondent replied with a redlined correction indicating that the dates in question should have been February 27, 2026, instead of January 27, 2026. See Dkt. No. 12.

irreparable harm and preserve this Court's jurisdiction; (3) orders Respondents to maintain

and document the steps necessary for him to preserve his ability to pursue available rights

and avoid prejudice caused by detention-related timing issues; and (4) any other relief this

Court deems just and proper. *See id.* at 4, Dkt. No. 10.

## 2.    Legal Standard

### A.    Habeas relief under 28 U.S.C. § 2241

A petitioner may seek habeas relief under 28 U.S.C. § 2241 if he is "in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

Habeas exists solely to "grant relief from unlawful imprisonment or custody and it cannot

be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th

Cir. 1976). "Simply stated, habeas is not available to review questions unrelated to the

cause of detention." *Id.* at 935.

### B.    Injunctive Relief

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining

orders and injunctions. A temporary restraining order, or TRO, is "simply a highly

accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*,

No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009). Thus, the party

seeking a TRO or preliminary injunction must satisfy the same four-factor standard for

preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D.

Tex. 2021). The party seeking relief must show (1) a substantial likelihood of success on the

merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the

movant's favor; and (4) issuing the injunction will not disserve the public interest. *Daniels

Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

3.    **Analysis and Conclusion**

The Court has thoroughly examined Petitioner's pleadings, Respondent's response, the relevant records, and the applicable law. As explained below and based on the facts and law set forth in Respondent's response, the Court finds that Petitioner's allegations do not entitle him to earlier or speedier release from detention. Thus, he is not entitled to habeas relief.

In short, Petitioner complains that his continued detention is unlawful because he has posted the mandatory voluntary departure bond, which frustrates the Immigration Court's order, and prevents him from leaving the country by the deadline. He fears the legal consequences if his voluntary departure is converted to an involuntary removal, including civil penalties that are monetary (up to $5,000) and a 10-year bar of certain immigration-related relief under 8 U.S.C. § 1229c(d). But Petitioner's allegations do not entitle him to earlier or speedier release from detention.

As explained by Respondent, Petitioner has no right to release based on his posting of the voluntary departure bond because the Immigration Judge ordered his voluntary departure "under safeguards." Indeed, the government can detain an alien "to ensure the alien's timely departure" under Section 1229c. *See El Badrawi v. United States*, 787 F. Supp. 2d 204, 231–32 (D. Conn. 2011) (quoting 8 C.F.R. § 1240.26(b)(3)(i)). In fact, the relief afforded to petitioner—voluntary departure with safeguards—"appears to refer generally to a procedure involving detention until departure." *Id.*; *see In re M-A-S-*, 24 I. & N. Dec. 762, 766 (BIA 2009) ("[T]he term 'voluntary departure with safeguards' is commonly used to characterize the requirement that an alien remain in custody until he or she departs from the United States."). And Petitioner must remain in the United States during the appeal process. Since the time for filing an appeal had not expired as of the time he filed this petition, and Petitioner had not waived his right to appeal, his continued detention for the 30-day period for filing a notice of appeal was proper. Thus, Petitioner has not shown that limited detention is improper here.

The Court understands Petitioner's concern that the expiration of his voluntary departure deadline will pass while he is detained and, therefore, he will be unable to physically depart as required. And he appears to allege that the government intends to remove him involuntarily and so he will face the legal consequences of the order of voluntary departure being converted to an order of removal. The Court has no information about the government's efforts to bring about petitioner's voluntary departure in consideration of his reserved right to appeal and the concurrent deadlines for appeal and voluntary departure. *See United States v. Texas*, 599 U.S. 670, 678–79 (2023) (noting the government's discretion in enforcing federal immigration law). But Petitioner's conclusory

assertions that involuntary removal is imminent and that he will inevitably suffer the consequences of missing his voluntary departure deadline do not entitle him to habeas relief. Likewise, Petitioner is not entitled to the extraordinary relief he seeks in his emergency motion for injunctive relief. For the reasons discussed here, he cannot show a substantial likelihood of success on the merits. And because he maintains the ability to seek an extension of time to voluntarily depart, he cannot show a substantial threat of irreparable harm. Thus, he has failed to establish the elements required for a TRO and his request must be denied.

And Petitioner is not without relief outside of habeas because, as explained by Respondent, he may request an extension of his voluntary departure date. And, in any event, case law suggests that even if his voluntary departure converts to an involuntary removal, he will not be prejudiced if he is in custody when the voluntary departure deadline passes. Indeed, the Fifth Circuit has held that an alien detainee in custody when his voluntary departure deadline passed "was not capable of leaving on time and thus could not be held legally liable for not leaving on time pursuant to the grant of voluntary departure." *See Cal-Yuja v. Garland*, 852 F. App'x 139, 140 (5th Cir. 2021) (citing *Matter of Zmijewska*, 24 I. & N. Dec. 87, 94–95 (BIA 2007)).

For the reasons discussed above and based on the facts and law set forth in Respondent's response, the Court finds that Petitioner is an inadmissible alien after a denial of his applications for asylum and withholding who is being held in accordance with law and the terms of the Immigration Judge's order. Thus, his continued detention is warranted and lawful. The Court denies the petition for writ of habeas corpus under 28 U.S.C. § 2241 and the requests for injunctive relief.

All relief not expressly granted and any pending motions are denied.

The Court will enter judgment accordingly.

So ordered.

Dated March 3, 2026.

James Wesley Hendrix
United States District Judge